[Dkt. Ent. 10]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LOUISE LANZILOTTI,<br><br>    Plaintiff,<br><br>        v.<br><br>QBE SPECIALTY INSURANCE COMPANY,<br><br>    Defendant. | Civil No. 14-1299 (RMB/KMW)<br><br>**MEMORANDUM ORDER** |

    This matter is before the Court upon Plaintiff Louise Lanzilotti's "Motion to Reinstate and Remand" [Dkt. No. 10].

    On December 19, 2013, Plaintiff filed a complaint against Defendant QBE Specialty Insurance Co. ("QBE") in the New Jersey Superior Court, Law Division, Atlantic County.  In her complaint, Plaintiff alleges that QBE breached the insurance policy it issued to her and acted in bad faith by refusing to provide coverage to Plaintiff for damage allegedly sustained to her home in Brigantine, New Jersey, as a result of wind from Super Storm Sandy in October 2012.

    QBE removed Plaintiff's complaint to this Court on February 28, 2014.  After receiving an extension of time to do so, on March 24, 2014, in lieu of filing an answer to Plaintiff's complaint, QBE filed a motion to dismiss Plaintiff's claims for

1

attorney's fees.  This Court administratively terminated Defendant's motion to dismiss for failure to comply with this Court's Individual Rules and Procedures. [Dkt. No. 5].  On April 25, 2014, Plaintiff agreed to voluntarily dismiss her claims for attorney's fees with prejudice.  [Dkt. No. 7].  QBE never filed an answer to Plaintiff's complaint.  Plaintiff never sought a default against QBE for failure to file an answer.

Unbeknownst to the Court, on March 23, 2014, Plaintiff provided QBE with an estimate of damages that QBE had been requesting.  The estimate to repair the damage to Plaintiff's property was $46,332.70.  Plaintiff made no attempt to remand this matter to the New Jersey Superior Court, nor did Defendant.

On September 8, 2014, the Clerk of the Court issued a "Notice of Call For Dismissal" (the "Dismissal Notice") [Dkt. No. 8], which required Plaintiff to submit to the Court by September 22, 2014, an affidavit setting forth cause why the case should not be dismissed without prejudice for lack of prosecution.  After Plaintiff failed to provide the required affidavit by September 22, 2014, or to otherwise respond to the Dismissal Notice, the Court dismissed this matter without prejudice on September 24, 2014 ("Dismissal Order").  [Dkt. No. 9].

On November 18, 2015, Plaintiff filed the within motion to reinstate this matter and to remand the case to the New Jersey Superior Court. [Dkt. No. 10]. Defendant opposes the motion.

A dismissal without prejudice is not a decision on the merits. See In re Isolagen Inc. Securities & Derivative Litigation, 279 Fed. Appx. 133, 134-135 (3d Cir. 2008). Plaintiff relies on Federal Rule of Civil Procedure 60(b) to reopen the case. That rule, however, applies only to final orders, and it is not clear that it applies here. In any event, the Court declines to resolve this issue at this juncture and makes the following observations.

It appears that prior to the Court's Dismissal Order, the parties had engaged in the exchange of documents setting forth the nature of Plaintiff's claims and perhaps even in settlement negotiations. Defendant failed to file an answer, and Plaintiff failed to move for default even when the opportunity to do so was triggered by the Clerk of the Court's Notice of Dismissal. Defendant's attack on Plaintiff's dilatoriness is somewhat disingenuous, as it appears there is plenty of fault to go around.

Accordingly, the Court is inclined to reopen this matter if it is, indeed, the case that Plaintiff and Defendant had been in the process of attempting to resolve the claims. The Court may need to hold a hearing to resolve that issue as well as the

3

issue of the alleged "clerical error" that prevented Plaintiff's counsel from responding to the Clerk of the Court's Notice of Call.

Accordingly, the parties are required to meet and confer to agree on the sequence of events that occurred in this case prior to the Notice of Call and present the summary of events to this Court in a joint submission within 30 days. If it appears that the parties had been attempting to move the case forward - - including through resolution - - it would have been a sufficient basis to have withdrawn the Notice of Call. The Court will then turn to Plaintiff's counsel's explanation of the alleged "clerical error" which shall be set forth in a separate submission within 30 days.

The motion to reopen is hereby ADMINISTRATIVELY TERMINATED pending the parties' submissions. The Court will hear this matter on June 13, 2016, at 1:00 p.m., at which time the motion will be reinstated. If this matter settles prior to the hearing date, the parties shall promptly advise the Court.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2016

4